OPINION OF THE COURT
Alexander, J.
 Charged in a 32-count indictment with the crimes of sodomy, sexual abuse and endangering the welfare of a child, committed against his three stepchildren, defendant stands convicted of 26 of those 32 counts. The Appellate Division affirmed the convictions, correctly rejecting defendant’s contentions that the corroboration requirements of Penal Law § 130.16 were not met, that the evidence adduced as to forcible compulsion was insufficient under Penal Law § 130.00 (8), and that certain verdicts were repugnant, finding this latter claim not preserved and insubstantial in any event. The Appellate Division also found defendant’s arguments that the indictment was defective because of duplicity and a lack of specificity unmeritorious. We disagree and conclude that because 15 of the 26 counts of which defendant was convicted failed to comply with the requirements of CPL 200.30 (1) or were, under the circumstances, violative of the specificity requirements of CPL 200.50 (6), the order of the Appellate Division should be modified by vacating the judgment of conviction as to those counts and dismissing them, and as so modified, affirmed.
I
The indictment charged Joseph Keindl with 12 counts of sodomy in the first degree (Penal Law § 130.50), 2 counts of sodomy in the second degree (Penal Law § 130.45), 10 counts of sexual abuse in the first degree (Penal Law § 130.65), 5 counts of sexual abuse in the second degree (Penal Law § 130.60), and 3 counts of endangering the welfare of a child *415 (Penal Law § 260.10), all arising out of accusations by his three stepchildren, Patricia, Richard and Christine, that he sexually abused them over a period of approximately three years, the pattern of abuse allegedly having begun when the children were 8, 9 and 11 years old, respectively.
According to the trial testimony of the three children, defendant generally would enter their bedroom, which they shared, in the early morning hours between 3:00 and 6:00 a.m., and approach one of the beds. He would shake that particular child awake and then force the child’s mouth onto his penis. If the child was one of the stepdaughters, he occasionally would lift her night shirt and touch her breasts or vagina. The evidence established, in addition, that some acts occurred in the living room and in the parents bedroom during the afternoon and evening hours. All of the incidents took place within the home, but outside of the mother’s view. None of the children discussed the incidents with their mother or with each other until Patricia broke the pattern of silence by revealing the events to her mother in a letter. It was that letter which led ultimately to defendant’s arrest and the instant prosecution.
All of the children testified they were afraid to resist the defendant’s demands because he threatened to hit them if they refused his advances and indeed, had hit them in the past when he was displeased with them. The children generally did not actually see defendant engage a sibling in sexual acts, although Richard testified he saw defendant touch Christine’s breasts on two occasions, and all three children testified to having heard the defendant routinely approach a sibling’s bed in the middle of the night, stand over the bed for several minutes, and then leave the room with that child in tears.
Twenty-six counts of the indictment alleged that the offenses occurred during designated periods of time, extending for as long as two years. A voluntary disclosure form served by the People provided some additional information as to the dates of the alleged offenses and also indicated that for certain counts, the alleged acts occurred several times per week during the designated time period. Defendant moved to dismiss the indictment because it charged multiple offenses in individual counts in violation of CPL 200.30 (l)[1] and because it failed to allege with sufficient specificity the time of occur *416 rence of the alleged offenses as required by CPL 200.50 (6).[2] The trial court denied the motion. Recognizing, however, that the defendant was entitled to more specific dates, the trial court directed that further information be sought through a bill of particulars. In response to defendant’s subsequent demand for a bill of particulars, the People furnished an affirmation by an Assistant District Attorney which provided specific dates for some counts and narrowed the time periods for others. For many counts, however, the original time periods alleged remained unchanged. Defendant again moved to dismiss the indictment because of duplicity and lack of specificity, but the trial court again denied the motion.
At trial, the defendant testified on his own behalf. He acknowledged living with his wife and stepchildren during the designated periods and admitted having entered the children’s bedroom at night but asserted that he did so only to check on the children or to cover them up or to close the window when necessary. He denied ever having committed any of the sexual acts alleged by the children. The jury acquitted defendant of six counts of sodomy but convicted him of the remaining 26 counts. The Appellate Division affirmed the convictions (117 AD2d 679), and the case is before us by leave of a Judge of this court.
II
We begin our discussion by again reaffirming the principle that an indictment must provide the accused with fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer to the charges and to prepare an adequate defense (People v Morris, 61 NY2d 290, 293; People v Iannone, 45 NY2d 589, 594; People v Bogdanojf, 254 NY 16, 23). It is equally fundamental that an indictment must allege the crime charged with sufficient specificity to enable the defendant, once convicted, to raise the constitutional bar of double jeopardy against subsequent prosecutions for the same offense (People v Morris, supra, at p 293; People v Iannone, supra, at p 595; People v Williams, 243 NY 162, 165; People v *417 Helmer, 154 NY 596, 600). Thus, the Criminal Procedure Law mandates that an indictment contain "[a] separate accusation or count addressed to each offense charged, if there be more than one” and "[a] plain and concise factual statement in each count which * * * asserts facts supporting every element of the offense charged and the defendant’s * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation” (CPL 200.50 [3], [7]; 200.30 [1]).
Although CPL 200.50 (6) commands that an indictment contain a statement in each count indicating that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time, we have said that the statute neither requires the exact date and time, nor does it restrict the length of the designated period of time which may be stated (People v Morris, 61 NY2d 290, supra). Nevertheless, the interval of time set forth in each count must reasonably "serve[ ] the function of protecting defendant’s constitutional right 'to be informed of the nature and cause of the accusation’ ” (People v Morris, supra, at p 294; People v Iannone, supra, at p 594) so as to enable him to prepare a defense and to plead the judgment in bar of any further prosecution for the same crime. As we emphasized in Morris, "[i]n order for a defendant to make his defense 'with all reasonable knowledge and ability’ and to have 'full notice of the charge’, it is important that the indictment 'charge the time and place and nature and circumstances of the offense with clearness and certainty’ ” (People v Morris, 61 NY2d 290, 295, supra, quoting United States v Cruikshank, 92 US 542, 566).
It is equally essential to the defendant’s ability to make a defense and to plead the judgment in bar of any further prosecution that he not be called upon to answer for more than one offense in each count of an indictment. Indeed the CPL requires not only that each count specify a time when or during which the crime was committed, but also specifically demands that each count of an indictment charge only one offense (CPL 200.30 [1]; 200.50 [3]; see also, People v Klipfel, 160 NY 371, 374). Hence, where a crime is made out by the commission of one act, that act must be the only offense alleged in the count. Put differently, acts which separately and individually make out distinct crimes must be charged in separate and distinct counts (People v MacAfee, 76 AD2d 157; People v Brannon, 58 AD2d 34), and where one count alleges *418 the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous. (People v MacAfee, supra.) The prohibition against duplicity furthers not only the functions of notice to a defendant and of assurance against double jeopardy, but also ensures the reliability of the unanimous verdict. If two or more offenses are alleged in one count, individual jurors might vote to convict a defendant of that count on the basis of different offenses; the defendant would thus stand convicted under that count even though the jury may never have reached a unanimous verdict as to any one of the offenses (see, People v MacAfee, 76 AD2d 157, 159-160, supra).
Ill
Here, defendant was charged with criminal sexual acts occurring over periods of time extending for as many as 10, 12 and 16 months. The voluntary disclosure form, the bill of particulars and the trial testimony make clear that defendant in fact is charged with having committed multiple criminal acts per week during the majority of the time spans specified in the various counts. For example, count 7 charges sodomy in the first degree by forcible compulsion against Patricia occurring over a period of approximately one year between August 1, 1981 and July 21, 1982, and count 8 charges sodomy in the first degree against Patricia as a person less than 11 years old, occurring between the same dates. The particulars furnished and Patricia’s testimony indicate that multiple acts of sodomy occurred approximately twice each week during the time span designated in these two counts.
Even where particular counts specify a time period considerably shorter, for example, from one to two months, they nonetheless allege that multiple acts, frequently of an unspecified number, occurred during the time period. For example, counts 5 and 6 charge sodomy in the first degree as against Patricia, occurring over a period of approximately one month, but the bill of particulars and the trial testimony make clear that three to four acts per week are alleged to have taken place during this one-month period; counts 15 and 18 each charge sexual abuse in the first degree by forcible compulsion against Christine, occurring over periods of approximately six weeks, while at least three and as many as five separate acts are alleged to have occurred during each of these six-week periods.
*419 Conceding that more than one violation is encompassed within each of various counts, and that many counts span designated periods of time that are in some instances protracted, the People nevertheless urge that these convictions should be upheld, both under our decision in People v Morris (61 NY2d 290, supra) and on the theory that these were "continuing crimes”.
In Morris, we sustained an indictment charging sexual abuse of young children occurring over a period of some 24 days, finding the lack of a precise date as to the commission of the crime not to be a fatal defect "if it is not a substantive element of the crime” (id., at p 295). There the children were five and six years old at the time of the offenses and the indictment alleged initially that both events occurred "during the month of November 1980”. This time period was later narrowed by the People in their bill of particulars to "on or about and between Friday, November 7, 1980 and Saturday, November 30, 1980”. We observed that when time is not an essential element, the indictment is often permitted to state the time in approximate terms, but that "[t]he determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and the bill of particulars must be made on an ad hoc basis by considering all relevant circumstances” and that "significant factors in considering sufficiency are the span of time set forth and the knowledge the People have or should have of the exact date or dates of the crime.” (Id., at p 295.) We also pointed to other facts to be considered including "(1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately” (id., at p 296). Nevertheless, we made it clear that "the interval ascribed for a particular crime [may be] so excessive that, on its face, it is unreasonable and dismissal should follow.” (Id., at p 295.)
Here, as in Morris, time is not an essential element of the crimes charged. However, as indicated above, various of the counts of sodomy and sexual abuse that we are dismissing span periods of time extending for 10, 12 and 16 months, periods so excessive on their face that they are unreasonable.[3] *420 Moreover, unlike the children in Morris, the victims here were between 8 and 13 years old during the time of the offenses and thus more capable than the Morris children of discerning, if not exact dates, at least seasons, school holidays, birthdays, or other events which could establish a frame of reference to assist them in narrowing the time spans alleged. Indeed, two counts allege exact dates on which the offenses occurred because the child was able to place the time of the alleged act by reference to the day furniture was delivered to the home.
For similar reasons, we decline to apply the "continuous crime” theory, a question we did not reach in Morris, to the crimes of sodomy and sexual abuse of which this defendant stands convicted. This theory would permit repeated acts of sexual molestation on young children within the family to be treated as "one continuous crime” because generally, the offenses are committed within the privacy of the home; the victims are children of tender years who are unable to remember specific dates, and from whom the defendant is able to demand secrecy; there are rarely any adult witnesses; and the abuse emerges as a pattern of conduct over a significant period of time (see, People v Barlow, 88 AD2d 668; cf. People v Pries, 81 AD2d 1039 [multiple rapes of same victim not a continuing offense, rather each act of intercourse is separate and distinct offense]). Citing Morosco, The Prosecution and Defense of Sex Crimes § 9.06, the People argue that charging multiple sexual offenses on a child family member as "one continuing crime” benefits both the victim and the defendant: the victim may pursue prosecution despite the inability to recall exact dates; the defendant, having been charged with one crime encompassing the complete time span, is exposed, if convicted, only to a sentence based upon one conviction rather than a sentence for several convictions, and he may still raise the bar against double jeopardy from future prosecutions for the same acts within that time span.
Although the "continuing crime” theory may be appropriately applied in the proper case, it has no applicability here as to the crimes of sodomy and sexual abuse of which this defendant has been convicted. Sodomy and sexual abuse, as those crimes are defined in the Penal Law, punish the perfor *421 manee of a single act.[4] In some instances, significant benefits may derive from the application of the "continuing crime” theory to a series of individual acts. Here, however, there is such a multiplicity of acts encompassed in single counts as to make it virtually impossible to determine the particular act of sodomy or sexual abuse as to which the jury reached a unanimous verdict. The resulting prejudice to the defendant is manifest. Moreover, there does not appear to have been any necessity for the profusion of duplicitous counts in this indictment. As discussed above, the children in this case, although of tender years, appear to have been old enough to parse the various acts within the time spans with more particularity. Indeed, the People make no claim that efforts to more accurately determine specific dates as points of reference with respect to the commission of these various acts were unsuccessful.
 We reach a different result, however, as to those counts of the indictment which accuse the defendant of endangering the welfare of a child over an approximate two-year period. Endangering the welfare of a child, unlike sodomy and sexual abuse, is a crime that by its nature may be committed either by one act or by multiple acts and readily permits characterization as a continuing offense over a period of time (see, e.g., Cowley v People, 83 NY 464, 472). The statutory definition of this crime does not necessarily contemplate a single act.[5] Hence, a defendant may be guilty of this crime by virtue of a series of acts, none of which may be enough by itself to constitute the offense, but each of which when combined make out the crime (Cowley v People, supra, at p 472). Therefore, those counts charging the crime of endangering the welfare of a child based upon a pattern of sexual behavior *422 toward the children over an approximate two-year period, were proper and do not require dismissal. Moreover, because the evidence adduced as to those counts that we dismiss would have been admissible as to the counts charging endangering the welfare of a child, it cannot be said that defendant was deprived of a fair trial on the counts that we sustain, and therefore the convictions with respect thereto should not be disturbed.
IV
Defendant also contends that the trial court erred in admitting the testimony of Dr. Gannon, a psychiatrist, presented to explain how children who have been repeatedly sexually abused by their stepfather, are likely to suffer psychologically. He argues that such expert testimony is inadmissible because it goes to the ultimate question of whether defendant is guilty of endangering the welfare of a child which is within the province of the jury to decide and is not a subject matter beyond the ken of the ordinary juror, requiring expert testimony. We disagree.
Opinion testimony of an expert witness is admissible where the conclusions to be drawn "depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence” (Dougherty v Milliken, 163 NY 527, 533; De Long v County of Erie, 60 NY2d 296; People v Cronin, 60 NY2d 430). The Trial Judge may determine, in the exercise of sound discretion, when jurors are able to draw conclusions from the evidence based on their day-to-day experience and when they would benefit from the specialized knowledge of an expert (People v Cronin, supra, at p 433). For the Trial Judge to have ruled that the range of psychological reactions of child victims who suffer from sexual abuse at the hands of their stepparents is not a subject matter within the ken of the typical juror, and therefore may be addressed by expert testimony, cannot be said to be an abuse of discretion as a matter of law (see generally, Wallace, The Syndrome Syndrome: Problems Concerning the Admissibility of Expert Testimony on Psychological Profiles, 37 U Fla L Rev 1035, 1048-1050). Furthermore, the defendant was not prevented from impeaching the People’s expert, or from presenting his own (People v Cronin, supra, at p 432; Selkowitz v County of Nassau, 45 NY2d 97, 103; see, e.g., People v Benjamin R., 103 AD2d 663, 669).
*423 Finally, as indicated above, we agree with the Appellate Division that the corroboration requirements of Penal Law § 130.16 were met and that the evidence adduced as to forcible compulsion was sufficient under Penal Law § 130.00 (8). We have considered defendant’s remaining arguments and find them to be without merit.
Based on the foregoing, the judgment of conviction as to counts 5, 6, 7, 8, 9, 10, 15, 16, 18, 21, 22, 23, 24, 25 and 27 of the indictment should be vacated, the sentences imposed thereon set aside, and those counts dismissed with leave to the People, should they be so advised, to resubmit the charges to another Grand Jury.
Chief Judge Wachtler and Judges Meyer, Simons, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed.

. CPL 200.30 (1): "Each count of an indictment may charge one offense only.”

. CPL 200.50:
"An indictment must contain: * * *
"6. A statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time”.

. As discussed below, we do not dismiss, as excessive under People v Morris (61 NY2d 290), the three counts of endangering the welfare of a child, despite the fact that they allege two-year time spans. We also do not *420 decide whether the counts alleging time periods of one to two months are excessive under Morris because we find those counts to be duplicitous in violation of CPL 200.30 and dismiss them on that ground (see, infra, at pp 420-421).

. Penal Law § 130.50 provides in pertinent part that a "person is guilty of sodomy in the first degree when he engages in deviate sexual intercourse with another person * * * [b]y forcible compulsion * * * 0r * * * [w]ho is less than eleven years old.” Penal Law § 130.65 provides in pertinent part that a "person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact * * * [b]y forcible compulsion * * * or * * * [w]hen the other person is less than eleven years old.”

. Penal Law § 260.10 provides that a
"person is guilty of endangering the welfare of a child when:
"1. He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than sixteen years old or a female child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health”.