OPINION OF THE COURT
John A. K. Bradley, J.
This is a motion by the defendant, who is charged, inter alia, with bribe receiving in the second degree (Penal Law *454 § 200.10 [count 1]) to dismiss count 1 on the grounds that it is duplicitous and fails to give the defendant proper notice of the crime charged.
Count 1 charges that "from on or about March, 1982 to on or about November, 1985”, the defendant "solicited, accepted and agreed to accept approximately $98,000 from Irwin Robbins upon an agreement and understanding that the defendant would cause the Lincoln Medical Center to use and employ nursing services supplied by Robbins.”
Pursuant to a bill of particulars supplied to the defendant, the People have revealed that the defendant received such alleged bribe payments on or about the dates 129 checks from the third party’s business entities were cashed. The People did provide the identity of five locations at which the defendant allegedly received moneys, and have claimed an inability to provide further detail.
Pursuant to CPL 200.30 (1) each count of an indictment may charge one offense only, and pursuant to CPL 200.50 (6) an indictment must charge that the crime was committed on a specified date or during a designated period of time. Defendant cites to a recent Court of Appeals decision (People v Keindl, 68 NY2d 410) as being dispositive of the issue raised.
In People v Keindl (supra), the defendant was charged with multiple counts of sodomy in various degrees, each count charging that the sodomy was committed over a designated period. Such designated periods extended for as long as two years. Each count asserted multiple acts of sodomy during the designated period. The court found such counts to be deficient both for charging more than one offense in each count and because the designated period of time was per se unreasonably lengthy.
The People seek to distinguish the Keindl case by pointing out that the Court of Appeals in Keindl upheld the counts charging endangering the welfare of a minor on the grounds that, unlike sodomy, this crime was one which by its nature could be committed either by one act or by multiple acts, and readily permits characterization as a continuing offense over a period of time.
A careful reading of the Keindl opinion reveals that the Court of Appeals was heavily influenced, in upholding the "endangering” counts, by the fact that the statutory definition of this crime did not necessarily contemplate the commission of a single act but that a defendant might be guilty by virtue *455 of a series of acts, none of which standing alone would be sufficient to constitute the offense.
This court concludes that the indictment here is not duplicitous, and reaches such conclusion based upon an analysis of the crime of bribe receiving in the second degree, and of the indictment in this case.
Penal Law § 200.10 provides: "A public servant is guilty of bribe receiving in the second degree when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.”
One court, in describing this statutory provision, has stated: "The essence of the crime is the agreement, and the results of the agreement are immaterial”. (People v Arcadi, 79 AD2d 845, 846 [4th Dept 1980], affd 54 NY2d 981.)
From the quotation of the indictment set forth above it is clear that the indictment charges one illegal agreement pursuant to which a sum of money was paid over a period of time. Such a charge does not run afoul of CPL 200.30 (1) and 200.50 (6) nor does it offend the policy considerations underlying such procedural provisions, including assurance that a verdict on the charge will be unanimous and protection against double jeopardy.
Accordingly, defendant’s motion to dismiss count 1 of the indictment is denied.