■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE A., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered May 28, 1985, convicting him of sodomy in the first degree (four counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in a 57-count indictment with engaging in deviate sexual intercourse by means of forcible compulsion with his daughter. The crimes were alleged to have occurred once monthly from December 1978 through September 1983, when the complainant was from 9 to 14 years of age, excluding only May 1979 and June 1982 and including two counts for the month of July 1982. Each count of the indictment was identical to the others except for the month and year specified. The bill of particulars served by the People set forth the day of the week within the month during which the acts encompassed in each count of the indictment allegedly transpired, as well as the place of such occurrence.

At the trial, testimony was received with respect to well over 100 incidences of sodomy. On appeal, the defendant argues, as he did consistently throughout the trial, that the indictment was subject to dismissal inasmuch as it contained duplicitous counts. We reject this claim both on procedural and substantive grounds.

At the close of the People's case, the defendant moved for a

mistrial on the ground that the People's proof for each count of the indictment encompassed more than one offense and, accordingly, rendered the indictment duplicitous. The court, in partial agreement with the defendant's argument, dismissed 30 counts of the indictment and found that the People had established a prima facie case with respect to the remaining counts. The defendant asserted a partial exception to the court's ruling, which was not directed to those counts of which he was ultimately convicted, counts one, ten, fourteen and fifty-seven, inasmuch as the People had concededly established the occurrence of specific incidences of sodomy. Accordingly, his claim is not preserved for review.

In any event, while the proof adduced at trial may have rendered the indictment technically duplicitous, under the circumstances, we do not view this as fatal. In *People v Keindl* (68 NY2d 410, 417-418, *rearg denied* 69 NY2d 823), the Court of Appeals discussed the prohibition against the inclusion, in an indictment, of duplicitous counts: "where a crime is made out by the commission of one act, that act must be the only offense alleged in the count. Put differently, acts which separately and individually make out distinct crimes must be charged in separate and distinct counts *(People v MacAfee,* 76 AD2d 157; *People v Brannon,* 58 AD2d 34), and where one count alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous". This prohibition, explained the court, is "essential to the defendant's ability to make a defense and to plead the judgment in bar of any further prosecution * * *, but also ensures the reliability of the unanimous verdict. If two or more offenses are alleged in one count, individual jurors might vote to convict a defendant of that count on the basis of different offenses; the defendant would thus stand convicted under that count even though the jury may have never reached a unanimous verdict as to any one of the offenses" *(People v Keindl, supra,* at 417-418).

The concerns addressed by the *Keindl* court are not, however, implicated herein to the extent that the defendant may be said to have been prejudiced. Initially, we note that the defendant's ability to prepare an adequate defense was not impaired inasmuch as the intervals of time set forth in each count of the indictment were reasonable *(see, People v Morris,* 61 NY2d 290, 293); indeed, prejudice in this regard is not claimed herein. Moreover, the danger of a jury rendering a verdict which is neither readily intelligible, i.e., does not make

clear to which act the count and acquittal or conviction applies, nor unanimous, clearly did not present itself here since the trial court ultimately convicted the defendant of only those counts of the indictment which could be related to a particular incident occurring on a specific date. Similarly, the double jeopardy concern is eliminated since the defendant, cognizant of those specific acts for which he was convicted, will be able "to plead the judgment in bar of any further prosecution for the same crime" *(People v Keindl, supra,* at 417). Finally, unlike the situation in *People v Keindl (supra,* at 421) where the court observed that there did "not appear to have been any necessity for the profusion of duplicitous counts in th[e] indictment", the People in this case did represent that their attempts to further particularize the counts were unsuccessful.

In this connection, we note that the People's elicitation of testimony from the complainant regarding sexual acts committed upon her by the defendant prior to those contained in the indictment as well as the introduction of hearsay testimony as to the defendant's alleged molestation of three of his daughter's young girlfriends, under the guise of demonstrating "amorous design" *(see, e.g., People v Fuller,* 50 NY2d 628; *People v Thompson,* 212 NY 249; *People v James,* 98 AD2d 863) was improper. As in *People v Lewis* (69 NY2d 321, 327), "the evidence of prior uncharged acts was not necessary to resolve an ambiguity", particularly where a 57-count indictment is involved, "[n]or was the evidence admissible for any of the other reasons generally relied upon for receiving it", e.g., corroboration. We nevertheless conclude that the defendant was not deprived of a fair trial by the reception of such evidence, particularly in view of the fact that this was a nonjury case *(see, People v D'Abate,* 37 NY2d 922; *People v Rodriguez,* 107 AD2d 827; *cf., People v Moreno,* 70 NY2d 403).

Finally, we perceive of no basis upon which to disturb the sentencing court's imposition of consecutive sentences since the crimes of which the defendant stands convicted were separate and distinct acts *(see, People v Keindl, supra,* at 420-421; *People v Brathwaite,* 63 NY2d 839; *People v King,* 115 AD2d 563).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.