THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVE ZURAK, Appellant.

Third Department, June 6, 1991

APPEARANCES OF COUNSEL

*Martin Brickman* for appellant.

*Sol Greenberg, District Attorney (David M. Freedman* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Defendant's indictment on three counts of sexual abuse in the first degree arose out of complaints in May 1988 to a police officer of the Town of Colonie, Albany County, by a then 21-year-old woman regarding an incident that occurred in the spring of 1986, and by her 12-year-old sister regarding two incidents occurring in August 1987, when defendant forcibly touched their private parts. Defendant was the employer of the complainants' mother and they and the other members of their family had been living in defendant's home. According to the officer who took their statements, the older complainant was verbally describing to him the sexual molestation to which she was subjected when the younger sister entered the room, began to cry and stated that defendant had done the same thing to her on two occasions. Following a jury trial, defendant was convicted on all three counts of the indictment, representing the three instances of abuse involving both complainants. He received consecutive sentences of 1 to 3 years' imprisonment on each count. This appeal followed.

After reviewing the record, we have concluded that there was insufficient competent evidence to sustain the convictions of defendant on the second and third counts of the indictment, charging him with the two instances of sexual abuse of the younger complainant in August 1987. The younger complainant recanted her accusation against defendant before the trial and was unwavering on the witness stand in denying the truth of her initial statement to the police, although she did admit to making the statement. The police officer to whom the younger complainant made the original accusation was permitted, over objection, to describe in detail what she told him regarding defendant's forcible sexual touching. Then, the prosecution called as a witness a psychological expert on child sexual abuse who testified that the younger complainant exhibited various traits, including recantation, that were indicative of having been sexually abused.

In our view, none of the foregoing evidence can be considered affirmative proof of defendant's guilt. The People are plainly wrong in contending that, as a prompt outcry of a sexual attack, the younger complainant's original accusatory statement to the police is admissible evidence-in-chief of defendant's commission of the crimes. Assuming, arguendo, that a statement given in May 1988 regarding sex offenses committed in August 1987 qualifies as a prompt complaint, it would still not constitute evidence of defendant's guilt. The New York rule as originally adopted and consistently applied thereafter is that recent outcry evidence in sex crime trials is admissible as a hearsay exception solely for a limited purpose, i.e., "to rebut the adverse inference [on the veracity of the complainant's testimony] a jury would inevitably draw if not presented with proof of a timely complaint" (People v Rice, 75 NY2d 929, 931; see, Baccio v People, 41 NY 265, 268).

Thus, had the younger complainant given testimony inculpating defendant, her statement to the police would have been admissible, if at all, only to bolster her veracity. It would not under any circumstances have been affirmative evidence of defendant's guilt. "The rule [regarding recent outcry], however, is carefully guarded. Such declarations are not evidence per se of the facts in issue; they cannot be relied upon for any purpose, except to confirm the testimony of the injured female" (Baccio v People, supra, at 268; see, Richardson, Evidence §§ 292, 519, at 263, 511 [Prince 10th ed]; Note, A Matter of Time: Evidence of a Victim's Prompt Complaint in New York, 53 Brooklyn L Rev 1087, 1093-1094). We decline to

follow the People's urging to abandon the New York rule in favor of one which has been applied in several other States, permitting under certain circumstances the introduction of hearsay accusations by victims in child sexual abuse prosecutions. The decisions from other jurisdictions cited by the People in support of this argument rest upon application of statutory liberalizations of the rules of evidence not codified in this State *(see, e.g., State v Allred,* 134 Ariz 274, 655 P2d 1326; *People v Winfield,* 160 Ill App 3d 983, 513 NE2d 1032, *appeal denied* 117 Ill 2d 552, 517 NE2d 1094).

■ Similarly unavailing as evidence-in-chief to establish defendant's guilt of molesting the younger complainant was the opinion testimony of the People's psychological expert. The nature of that testimony was essentially that of "validation evidence" which would have been admissible in Family Court in a child sexual abuse proceeding under Family Court Act article 10 to corroborate an out-of-court statement of the victim *(see, Matter of Nicole V.,* 71 NY2d 112, 121). In upholding the admissibility of such opinion evidence in Family Court child sexual abuse cases, the Court of Appeals noted that, in contrast to criminal proceedings, hearsay statements of a child victim are statutorily admissible *(see, supra,* at 117-118) and, also by statute, are sufficient to support a finding of abuse if corroborated by *" '[a]ny other evidence tending to support the reliability of the previous statements' " (supra,* at 124 [emphasis in original], quoting Family Ct Act § 1046 [a] [vi]).

The statutory authority to permit validation evidence in Family Court Act article 10 cases to corroborate hearsay statements of the child victim is absent here. We are also not presented with the use of validation evidence to corroborate *in court* testimony of a child victim, as permitted in criminal prosecutions in some other States *(see, Matter of Nicole V., supra,* at 121), nor with the use of psychological opinion evidence relevant to some specific element of the sex crime charged *(see, People v Keindl,* 68 NY2d 410, 422).

The only other evidence against defendant on the second and third counts of the indictment cited by the People is the younger complainant's testimony of the presence of defendant at the times she had described in her prior statement when the acts of sexual abuse allegedly occurred. Since, however, she denied in her court testimony that any acts of sexual abuse occurred, the presence of defendant during crimes the commission of which the People failed to prove added nothing

to the prosecution's case. Accordingly, the convictions for counts two and three must be reversed and those counts dismissed.

■ ■ We, however, find no reason to disturb the conviction of defendant for sexually abusing the older complainant as charged in the first count of the indictment. The allegation in that count that the offense occurred "sometime during the Spring of 1986, at 26 Hillcrest Avenue, in the Town of Colonie, County of Albany" was, under the circumstances, legally sufficient notice to defendant (see, People v Duboy, 150 AD2d 882, 884, lv denied 74 NY2d 846; see also, People v Keindl, supra, at 419). We are also unpersuaded by defendant's contention that County Court erred in not excusing for cause the jurors who voiced misgivings as to sitting on a child sexual abuse case, since none of the jurors expressed any preconceived notion of defendant's guilt (see, People v Wales, 138 AD2d 766, 769, lv denied 72 NY2d 868). We have considered defendant's remaining points for reversing the conviction on count one and find them equally unpersuasive.

MAHONEY, P. J., MERCURE, CREW III and HARVEY, JJ., concur.

Ordered that the judgment is modified, on the law, by reversing defendant's convictions on counts two and three of the indictment and dismissing said counts; matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.