THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL SULKEY, Appellant. [600 NYS2d 858] —Judgment unanimously affirmed. Memorandum: Defendant was charged in an 111-count indictment with 55 counts of sodomy in the first degree, 55 counts of sexual abuse in the first degree, and one count of endangering the welfare of a child arising from his molestation of a child less than 11 years of age. The indictment alleged one count each of sodomy and sexual abuse for each month during the 4½-year period from May 1986 to October 1990. On appeal, defendant contends that 108 of the 111 counts of the indictment should have been dismissed as duplicitous because the People's proof before the Grand Jury established that they encompassed more than one offense.

CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only" *(see also,* CPL 200.50 [3]). A motion to dismiss counts of an indictment for duplicitousness must be granted where the counts allege the repeated commission of a particular offense during a designated period of time *(see, People v Keindl,* 68 NY2d 410, 417-418, *rearg denied* 69 NY2d 823). Here, the indictment and the People's bill of particulars allege only a single act of sodomy or sexual abuse

per count during each one-month period. On its face the indictment, as supplemented by the bill of particulars, is therefore not duplicitous. Defendant contends, however, that those counts were rendered duplicitous by the complainant's Grand Jury testimony alleging that the sodomy and sexual abuse occurred on more than one occasion during each of the one-month periods designated in the indictment *(see, e.g., People v Corrado,* 161 AD2d 658, 659).

We agree with defendant that complainant's Grand Jury testimony rendered the indictment technically duplicitous. That defect, however, was corrected by the People's pretrial notice to defendant that they intended to prove a specific occurrence with regard to certain counts of the indictment and the complainant's trial testimony regarding those specific occurrences. Because defendant was convicted only of those counts of the indictment where pretrial notice of specific instances was given and where those specific instances were proved at trial, we conclude that dismissal of those counts as duplicitous was not required *(see, People v Bruce A.,* 141 AD2d 736, 737-738, *lv denied* 72 NY2d 954; *see also, People v Smith,* 178 AD2d 918, *lv denied* 79 NY2d 953).

Defendant further contends that the one-month time periods contained in the indictment were unreasonably long and deprived him of his constitutional right to be informed of the nature and cause of the accusation against him *(see,* CPL 200.50 [6]). Whether time frames set forth in an indictment are sufficiently specific is to be made on a case-by-case basis considering all relevant circumstances *(see, People v Keindl, supra,* at 419). The factors to be considered in making that determination are the knowledge the People have or should have of the exact date or dates of the crime, the age and intelligence of the victims and other witnesses, the surrounding circumstances, and the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately *(see, People v Keindl, supra,* at 419). Given the nature of the offenses alleged and the age of the complainant, we conclude that the one-month intervals set forth in each count of the indictment were reasonable and adequately protected defendant's right to be informed of the nature and cause of the accusation so as to enable him to prepare a defense *(see, People v Morris,* 61 NY2d 290, 294-297; *People v Barrett,* 166 AD2d 657, 658, *lv denied* 77 NY2d 875; *People v Jones,* 133 AD2d 972, *lv denied* 70 NY2d 956). Additionally, defendant's due process rights were not violated by the fact that the People provided specific details regarding

certain counts of the indictment just before trial. Defense counsel did not move for an adjournment to prepare a defense or to investigate a possible alibi defense *(see generally, People v Morris, supra,* at 297).

Defendant also contends that the trial court erred in precluding him from introducing character evidence of his reputation for truth and veracity. Because that evidence did not relate to a trait involved in the charges of sodomy, sexual abuse or endangering the welfare of a child, the trial court properly precluded defendant from introducing that evidence *(see, People v Miller,* 35 NY2d 65, 68; *People v Sullivan,* 177 AD2d 673, *lv denied* 79 NY2d 864; Richardson, Evidence § 151 [Prince 10th ed]).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.