THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. HAGENBUCH, Appellant. [701 NYS2d 213] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: On appeal from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [3]), sexual abuse in the first degree (Penal Law § 130.65 [3]) and related crimes, defendant contends that County Court erred in denying his challenges for cause to two prospective jurors who had expressed feelings of sympathy toward children (*see, People v Harris*, 247 AD2d 630, 631, *lv denied* 91 NY2d 1008). Those jurors did not, however, express any preconceived notion of defendant's guilt (*see, People v Zurak*, 168 AD2d 196, 200, *lv denied* 79 NY2d 834, *cert denied* 504 US 941). Upon our review of the voir dire transcript as a whole and giving due deference to the determination of the trial court, we conclude that it was not an abuse of discretion for the court to deny defendant's challenges for cause (*see, People v Wiegert*, 248 AD2d 929, *lv denied* 91 NY2d 1014; *People v Harris, supra,* at 632). The prospective jurors did not evince states of mind that would likely preclude them from rendering an impartial verdict based upon the evidence ad-

duced at trial (see, CPL 270.20 [1] [b]; *People v Torpey,* 63 NY2d 361, 366, *rearg denied* 64 NY2d 885).

We reject the contention that the verdict convicting defendant of rape in the first degree and sexual abuse in the first degree is against the weight of the evidence (see, *People v Bleakley,* 69 NY2d 490, 495). We further reject defendant's contention that the time frames set forth in each count of the indictment are overly broad (see, CPL 200.50 [6]). Whether time frames set forth in an indictment are sufficiently specific is to be determined on a case-by-case basis in view of all the relevant circumstances (see, *People v Keindl,* 68 NY2d 410, 419, *rearg denied* 69 NY2d 823). Considering the age of the victims and the nature of the offenses, we conclude that the one-month intervals set forth in each count of the indictment are sufficiently specific (see, *People v Sulkey,* 195 AD2d 1026, 1027, *lv denied* 82 NY2d 759; *cf., People v Keindl, supra,* at 419-420).

We agree with defendant that count 13 of the indictment, charging sexual abuse in the first degree, is duplicitous. Each count of an indictment must charge only one offense (see, CPL 200.30 [1]; 200.50 [3]; *People v Keindl, supra,* at 417). Here, the indictment and the People's bill of particulars allege a single act of sexual abuse for each of two counts of sexual abuse in the first degree committed against the complainant Sarah D. during the month of January 1995. On its face, therefore, the indictment is not duplicitous. However, at trial the complainant Sarah D. testified to three instances of sexual contact that occurred on three different dates during the month of January 1995. Upon motion by defendant, the court dismissed one count of sexual abuse in the first degree that occurred during January 1995. The remaining count of sexual abuse in the first degree thus encompassed three offenses and is duplicitous and should have been dismissed (see, *People v George,* 255 AD2d 881; *People v Jelinek,* 224 AD2d 717, 718, *lv denied* 88 NY2d 880, *cert denied* 519 US 900; *People v Davila,* 198 AD2d 371, 373). Consequently, we modify the judgment by reversing defendant's conviction of sexual abuse in the first degree under count 13 of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Rape, 1st Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.