(March 13, 2001)

■ In the Matter of HYBRID FILMS, INC., Appellant, v JAMES COMBEST, Respondent. [721 NYS2d 795] —In a proceeding pursuant to CPLR 2304 to quash a subpoena duces tecum, the petitioner appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated March 1, 2001, which, in effect, denied the application, and directed that certain portions of the petitioner's video and audio tapes be released to the parties in the underlying criminal action entitled *People v Combest,* pending in Supreme Court, Kings County, under Indictment No. 3753/2000.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith, with all convenient speed.

The respondent in this proceeding, James Combest, is the defendant in a criminal action entitled *People v Combest,* pending in Supreme Court, Kings County, under Indictment No. 3753/2000, in which he is charged with the murder of Christopher Hernandez. In connection with the filming of a documentary about the Brooklyn North Homicide Task Force, the petitioner, Hybrid Films, Inc. (hereinafter Hybrid), filmed, among other things, Combest's arrest and interrogation. Combest served a subpoena duces tecum upon Hybrid for the production of those portions of the video and audio tapes that were not broadcast, called "outtakes" (hereinafter the outtakes). The subpoena was later limited to request only those portions of the outtakes of his interrogation by detectives. Hybrid moved to quash the subpoena, asserting that Combest did not establish his entitlement to the outtakes under the three-pronged test set forth in Civil Rights Law § 79-h (c), which must be met before it is required to release the outtakes.

Without deciding the application, and over Hybrid's objection, the Supreme Court, Kings County (Juviler, J.), ordered Hybrid to produce the outtakes, under seal, for in camera review. If it became necessary during the trial of the criminal action, Combest would have an opportunity to make the required showing under Civil Rights Law § 79-h (c). The outtakes could then be reviewed to determine the existence of any relevant material, and to redact any irrelevant material.

However, the criminal action was subsequently transferred to Justice Knipel, who, in effect, denied the application to quash, and directed that Hybrid turn over the outtakes to the parties in the criminal action, without review, and without a

showing by Combest that the three-pronged test set forth in Civil Rights Law § 79-h (c) had been satisfied. We reverse.

The Supreme Court failed to address the requirements of Civil Rights Law § 79-h (c). Further, the Supreme Court did not review the outtakes to determine if they contained any relevant material, and to redact any irrelevant material. Therefore, the determination to turn over the outtakes to the parties in the underlying criminal action was premature. The Supreme Court shall maintain possession of the subject outtakes until such time, if any, that an issue concerning their release arises at trial, at which time, Combest should be afforded an opportunity at a hearing to make the necessary showing under Civil Rights Law § 79-h (c). If Combest satisfies the three-pronged test, the Supreme Court shall then review the outtakes in camera and redact any irrelevant material therein prior to release (*see, People v Korkala,* 99 AD2d 161, 168).

We disagree with the Supreme Court's conclusion that Hybrid relinquished its right to contest the disclosure of the outtakes, since it objected to their disclosure (*see, United States v Cuthbertson,* 651 F2d 189). Bracken, Acting P. J., O'Brien, Goldstein and McGinity, JJ., concur.