*526 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered April 3, 2001, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the trial court providently exercised its discretion by denying his challenge for cause of a prospective juror who did not exhibit a state of mind that was likely to preclude her from rendering an impartial verdict (see CPL 270.20 [1] [b]; People v Hagenbuch, 267 AD2d 948 [1999]; People v Harris, 247 AD2d 630 [1998]).
The trial court properly granted the application of Hybrid Films, Inc., to quash the defendant’s subpoena for certain videotaped recordings of the defendants interaction with the police. This Court previously held that the defendant would be entitled to the release of the material in question only if he satisfied the three-prong test set forth in Civil Rights Law § 79-h, to wit, that the item is highly material and relevant, critical or necessary to the defense, and not obtainable from any alternative source (see Matter of Hybrid Films v Combest, 281 AD2d 500, 501 [2001]). The defendant failed to satisfy the requirements of Civil Rights Law § 79-h.
The defendant’s remaining contention is without merit (see People v Suitte, 90 AD2d 80 [1982]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.