■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VISHNU PERSAUD, Appellant. [949 NYS2d 431]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered April 27, 2010, convicting him of rape in the second degree (six counts), criminal sexual act in the second degree (five counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the indictment was not invalid because it failed to specify the dates and times of the crimes that were charged (*see* CPL 200.50 [6]). Given the circumstances of this case, including the victim's age at the time of the commission of the crimes, the repetitive and clandestine nature of the crimes, and the continuous and long-term nature of the abuse, the one-month spans of time in each count of the indictment were reasonably specific and provided the defendant with the requisite adequate notice (*see People v Watt*, 81 NY2d 772, 774 [1993]; *People v Keindl*, 68 NY2d 410, 419 [1986]; *People v Morris*, 61 NY2d 290, 293-296 [1984]; *People v Weekes*, 71 AD3d 1065 [2010]; *People v Case*, 29 AD3d 706 [2006]; *People v Cosby*, 222 AD2d 690 [1995]; *cf. People v Beauchamp*, 74 NY2d 639 [1989]). Moreover, the counts were not duplicitous (*see* CPL 200.30 [1]; *cf. People v Keindl*, 68 NY2d 410 [1986]; *People v Jiminez*, 239 AD2d 360 [1997]).

The court providently exercised its discretion in allowing the People to put on an expert to testify about the concept of "blending," which occurs when a child or adolescent sexual abuse victim and a perpetrator perform the same acts more than once in the same place and which makes it difficult for an adolescent to sequentially separate the distinct elements of what occurred. The court also providently exercised its discretion in permitting the People's expert to explain that a child or adolescent sexual abuse victim might delay his or her outcry as to the abuse. Such testimony explained behaviors of sexual abuse victims that jurors might not be expected to understand (*see People v Spicola*, 16 NY3d 441, 462-463 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Keindl*, 68 NY2d at 422).

The defendant's claim that the evidence was legally insufficient to establish his guilt is only partially preserved for appellate review (*see* CPL 470.05 [2]; *People v Smith*, 23 AD3d 416 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of all the crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record herein, we are satisfied that the verdict of guilt as to all the crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the trial court displayed actual bias in favor of the People in its rulings and in certain comments which the court made during the summation is unpreserved for appellate review because the defendant failed to make a recusal motion (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725, 726 [2004]; *People v Bedell*, 84 AD3d 1733 [2011]; *People v White*, 81 AD3d 1039 [2011]; *People v Marino*, 21 AD3d 430, 432 [2005], *cert denied* 548 US 908 [2006]; *People v Darling*, 276 AD2d 922 [2000]). In any event, the record does not support the defendant's bias claim (*see People v Argentieri*, 66 AD3d 558, 559 [2009]; *People v Casey*, 61 AD3d 1011, 1014 [2009]; *People v Love*, 307 AD2d 528, 532 [2003]; *People v Maxam*, 301 AD2d 791, 793 [2003]).

The defendant argues that some of the comments made by the prosecutor during summation deprived him of his right to a fair trial. However, most of the challenged comments constituted fair comment on the evidence, were permissible rhetorical comment, or were responsive to defense counsel's summation (*see People v Gillespie*, 36 AD3d 626, 627 [2007]; *People v McHarris*, 297 AD2d 824, 825 [2002]). To the extent that any of the comments were improper, they were not so flagrant or pervasive as to deny the defendant a fair trial and, thus, reversal is not warranted (*see People v Rogers*, 92 AD3d 903 [2012]; *People v Banyan*, 60 AD3d 861 [2009]).

The defendant's remaining contentions are without merit. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.