People v Villalon (2018 NY Slip Op 03431)





People v Villalon


2018 NY Slip Op 03431


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6504 4257/15

[*1]The People of the State of New York, Respondent,
v
Mario Villalon, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at omnibus motion; Jill Konviser, J. at jury trial and sentencing), rendered May 17, 2016, convicting defendant of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously reversed, on the law, and the indictment dismissed with leave to re-present any appropriate charges to another grand jury.
The criminal contempt count was duplicitous because defendant's acts of violating an order of protection by regularly but briefly showing up at the victim's apartment, over the course of about a month and 20 days, constituted distinct crimes that were required to be alleged in separate counts (see People v Keindl, 68 NY2d 410, 417-421 [1986]).
Defendant preserved this argument by moving to dismiss that count on the same ground in his omnibus motion, which the court denied (see People v Mahboubian, 74 NY2d 174, 188 [1989]), and we find the People's arguments on the issue of preservation unavailing. The defect was in the language of the indictment itself, and it did not depend on the trial evidence or the court's charge.
Since we are reversing and dismissing the indictment as duplicitous, we find it unnecessary to address defendant's remaining arguments, except that we find the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK