People v Quiros (2020 NY Slip Op 04279)





People v Quiros


2020 NY Slip Op 04279


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


724 KA 18-02230

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERARDO QUIROS, DEFENDANT-APPELLANT. 






SCOTT F. RIORDAN, AMHERST, FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (ROBERT R. ZICKL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (Sara Sheldon, A.J.), rendered September 17, 2018. The judgment convicted defendant upon a jury verdict of rape in the first degree (four counts), criminal sexual act in the first degree (three counts), criminal possession of a controlled substance in the seventh degree (two counts), assault in the third degree, endangering the welfare of a child, criminal mischief in the fourth degree and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting defendant upon a jury verdict of, inter alia, four counts of rape in the first degree (Penal Law § 130.35 [1]) and three counts of criminal sexual act in the first degree (§ 130.50 [1]), defendant contends that reversal of the judgment is required because County Court erred in denying his motion to dismiss the indictment on the ground that it was rendered duplicitous by the grand jury testimony of the victim. We affirm.
"Each count of an indictment may charge one offense only" (CPL 200.30 [1]; see People v Bauman, 12 NY3d 152, 154 [2009]). In accordance with that section, "acts which separately and individually make out distinct crimes must be charged in separate and distinct counts . . . , and where one count alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous" (People v Keindl, 68 NY2d 410, 417-418 [1986], rearg denied 69 NY2d 823 [1987]; see Bauman, 12 NY3d at 154). The prohibition on duplicitous counts "seeks to prevent the possibility that individual jurors might vote to convict a defendant of that count on the basis of different offenses', in effect, permitting a conviction even though a unanimous verdict was not reached" (People v Davis, 72 NY2d 32, 38 [1988], quoting Keindl, 68 NY2d at 418). A facially valid count may nevertheless be duplicitous "where the evidence presented to the grand jury or at trial makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (People v Madsen, 168 AD3d 1134, 1137-1138 [3d Dept 2019] [internal quotation marks omitted]; see People v Dukes, 122 AD3d 1370, 1371 [4th Dept 2014], lv denied 26 NY3d 928 [2015]; People v Corrado, 161 AD2d 658, 659 [2d Dept 1990]). Such a defect "may be cured by reference to a bill of particulars supplementing the indictment" (Davis, 72 NY2d at 38; see generally People v Morris, 61 NY2d 290, 293-294 [1984]).
Here, the victim's grand jury testimony rendered duplicitous those counts of the indictment that charged defendant with rape in the first degree and criminal sexual act in the first degree. The victim testified that as many as 10 acts of forced sexual intercourse and 30 acts of forced oral sex occurred between the middle of March and the end of April. The indictment, however, charged defendant with seven counts of rape in the first degree based upon forced sexual intercourse, each of which was alleged to have occurred during one of seven consecutive [*2]weeks during the period of March 15 to April 29, and 20 counts of criminal sexual act in the first degree based upon forced oral sex, each of which was alleged to have occurred during that same period. Because the 10 alleged acts of forced sexual intercourse and 30 alleged acts of forced oral sex could not be " individually related to specific counts in the indictment,' " we conclude that those counts of the indictment were duplicitous (Madsen, 168 AD3d at 1138; see People v Hagenbuch, 267 AD2d 948, 948 [4th Dept 1999], lv denied 95 NY2d 797 [2000]).
Nevertheless, we conclude that the court properly denied defendant's motion to dismiss the indictment. With respect to the counts of criminal sexual act in the first degree, after defendant made his motion, the prosecutor provided him with a supplemental bill of particulars that identified a precise date for each of the first 10 counts of criminal sexual act in the first degree. We conclude that dismissal of those counts is not required because the duplicity was "cured by reference to a bill of particulars supplementing the indictment" (Davis, 72 NY2d at 38). To the extent that defendant contends that reversal is required because the supplemental bill of particulars changed the People's theory with respect to some of those counts, defendant failed to preserve his contention for our review (see People v Osborne, 63 AD3d 1707, 1708 [4th Dept 2009], lv denied 13 NY3d 748 [2009]; see generally People v Allen, 24 NY3d 441, 449-450 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
With respect to the counts of rape in the first degree, although the duplicity of those counts was left unaddressed by the supplemental bill of particulars, before trial, the prosecutor provided defendant with a document styled as a "trial indictment," which indicated that the People intended to prove a specific instance with respect to each of the counts on which defendant was ultimately convicted (see People v Sulkey, 195 AD2d 1026, 1027 [4th Dept 1993], lv denied 82 NY2d 759 [1993]). In addition, the People provided evidence of those specific instances of forced sexual intercourse at trial by offering the testimony of the victim (see id.). The victim's testimony was detailed, graphic, and corroborated by receipts, photographs, and emails that allowed the victim to pinpoint the precise dates on which each of those incidents of forced sexual intercourse occurred. "Because defendant was convicted only of those counts of [rape in the first degree] where pretrial notice of specific instances was given and where those specific instances were proved at trial" (id.), we conclude that dismissal of those counts as duplicitous was not required.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court