OPINION OF THE COURT
Chief Judge Wachtler.
This criminal prosecution stems from the death of an employee of the corporate defendant, a company engaged in the business of transporting petroleum products. The employee was killed when petroleum vapors exploded while he was cleaning a tank trailer. The defendant corporation and defendants Roth and Wilson, the district manager and operations manager of the facility, were indicted for second degree manslaughter, criminally negligent homicide, reckless endangerment, endangering public health, safety or the environment in the second degree and a variety of other charges relating to their handling and documentation of hazardous waste. In addition, these defendants and defendant Domermuth, the corporation’s president, were charged with zoning violations.
*243 With respect to the homicide charges, the theory of the prosecution is that the defendants were responsible for a variety of unsafe conditions and improper practices at the facility and that the explosion and death were the foreseeable results of these conditions and practices. County Court dismissed all counts of the indictment except, as against the corporation, one count of hazardous waste possession and the zoning violations. While it reinstated several of the lesser charges against certain defendants, the Appellate Division affirmed the dismissal of the homicide charges, the reckless endangerment charge and the charge of endangering public health, safety or the environment. Both lower courts, relying on People v Warner-Lambert Co. (51 NY2d 295, cert denied 450 US 1031), ruled that as to these counts, the evidence before the Grand Jury was insufficient because it did not establish the actual triggering cause of the explosion.
We modify by reinstating the reckless endangerment charge. We agree that the other charges were properly dismissed, but for different reasons.
In our view, the evidence before the Grand Jury was sufficient to establish that the fatal explosion underlying this homicide prosecution was triggered by a spark from a nonexplosion proof trouble light. According to the evidence, the spark was produced when the unprotected bulb was struck by a stream of water from a high pressure washer. Witnesses also identified a number of other unsafe conditions at the site, several of which had the potential to trigger an explosion in the vapor-laden atmosphere. The fire investigator, however, who was the only witness to offer an expert opinion about the actual cause of the explosion, stated that he was 99.9% certain that the explosion was caused by a spark from the trouble light. This was legally sufficient proof to support the conclusion that the explosion was in fact caused by conditions for which the defendants were responsible (see, People v Reyes, 75 NY2d 590, 593 [fire marshall 98% certain that fire started by heat from overloaded electrical wiring]).
To support the charges of reckless manslaughter and criminally negligent homicide, however, the People were also required to submit proof from which the Grand Jury could conclude that the actual cause of the explosion was foreseeable (see, People v Warner-Lambert Co., supra; People v Kibbe, 35 NY2d 407). For purposes of criminal liability, it was not enough to show that, given the variety of dangerous condi *244 tians existing at the site, an explosion was foreseeable; instead the People were required to show that it was foreseeable that the explosion would occur in the manner that it did.
It was error, therefore, to instruct the Grand Jury that the defendants could be indicted “if you find that they recklessly created unsafe conditions that led to [the victim’s] death by a foreseeable event, namely, the explosion.” Moreover, even if the Grand Jury had been properly instructed in this regard, the indictment on these charges could not stand. Keeping in mind that the standard for criminal liability is higher than that required for civil liability (see, People v Warner-Lambert Co., supra, at 306), we conclude that the evidence before the Grand Jury is insufficient to support the conclusion that the defendants should have foreseen that their employee would place the unprotected trouble light in the path of the high pressure washer during the tank cleaning operation and that an explosion-causing spark would result from this combination. Thus, we agree with the courts below, although for somewhat different reasons, that counts one and two of the indictment, charging defendants with second degree manslaughter and criminally negligent homicide, respectively, must be dismissed for legal insufficiency.
We also agree with the courts below — although again for different reasons — that count three of the indictment, charging defendants with endangering public health, safety or the environment in the second degree (ECL 71-2713 [1]) must be dismissed. Pursuant to ECL 71-2720 (1), the provisions of ECL 71-2713 (1) and its companion statutes do not apply to “persons who possess and whose conduct is subject to and in compliance with * * * a valid license, permit, certificate or order” when engaged in an activity requiring such a license, permit, etc.
It is undisputed that defendants possessed a valid permit to transport petroleum wastes. Although there is evidence that defendants may have violated the terms of their transporter permit in various ways, there is no evidence that these alleged violations had anything to do with the emission of petroleum vapors that led to the explosion. Instead, the vapors were released in the course of a tank cleaning operation. No evidence was proffered that tank cleaning was other than a normal and lawful aspect of defendants’ transport activities or that any violations contributed to the release of vapors. In short, whatever violations may have been lurking in the background, it appears that the petroleum vapors were re *245 leased in the course of an activity that fell within the scope of defendants’ transporter permit and therefore within the exemption of ECL 71-2720 (1) — at least, no evidence to the contrary was before the Grand Jury.
Count four of the indictment, however, charging defendants with reckless endangerment in the second degree, should be reinstated. This crime is committed when a person "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person” (Penal Law § 120.20).
In contrast to the crimes charged in counts one and two —reckless manslaughter and criminally negligent homicide— there is no requirement that the defendants’ reckless conduct cause injury or death (see, People v Davis, 72 NY2d 32, 36). Since the occurrence of an injury is immaterial, the fact that the defendants could not have foreseen the manner in which this injury occurred does not negate their liability under the statute. It is enough that the defendants were "aware of and consciously disregarded] a substantial and unjustifiable risk * * * of such nature and degree that disregard thereof constitute[d] a gross deviation from the standard of conduct that a reasonable person would observe in the situation” (Penal Law § 15.05 [3] [definition of "recklessly”]), and that the risk involved serious injury to another person.
The evidence before the Grand Jury indicated that defendants allowed a tank containing petroleum products to be cleaned without adequate ventilation and in the presence of numerous sources of ignition. This evidence was sufficient to support the charge of reckless endangerment in the second degree.
Finally, as to the counts of the indictment reinstated by the Appellate Division, we agree, for the reasons stated by that Court, that there was legally sufficient evidence to sustain those counts*
*246 Accordingly, on the People’s appeal, the order of the Appellate Division insofar as appealed from should be modified by reinstating count four of the indictment and, as so modified, affirmed. On the appeal by defendants James Domermuth and Domermuth Petroleum Equipment and Maintenance Corp., the order of the Appellate Division insofar as appealed from should be affirmed.
Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
On the People’s appeal, order insofar as appealed from modified by reinstating count four of the indictment and, as so modified, affirmed. On the appeal by defendants James Domermuth and Domermuth Petroleum Equipment and Maintenance Corp., order insofar as appealed from affirmed.

 We note that our review of the Appellate Division order is limited in several respects. On the People’s appeal, as limited by the Attorney-General’s brief, no review is sought of that part of the order which affirmed the dismissal of counts five through eight as against defendant Wilson. In addition, defendants Roth and Wilson do not cross-appeal, thus precluding our review of the reinstatement of counts five through eight against defendant Roth and counts nine through fourteen against both Roth and Wilson. Finally, on their cross appeal, defendants James Domermuth and Domermuth Petroleum Equipment and Maintenance Corp., as limited by their brief, do not seek review of that part of the Appellate Division order which pertains to counts thirteen and fourteen as against the corporate defendant.