OPINION OF THE COURT
Ciparick, J.
The issue presented by this appeal is whether the Grand Jury evidence is legally sufficient to support the charge of reckless endangerment in the second degree (Penal Law § 120.20). We agree with the Appellate Division that it is.
I
Defendants were arrested after a street altercation with a third man, complainant James Kasemersky, outside a bar located on Flatbush Avenue in Brooklyn. According to the evidence presented to the Grand Jury, one or both of the defendants struck the complainant, knocking him unconscious and causing him permanent brain damage. The evidence was conflicting as to whether complainant or one of the defendants struck the first blow. Defendants left the victim unconscious *163 in the middle of the street. Several persons who witnessed the incident assisted the victim and called the police, who arrived within five minutes.
The District Attorney charged the Grand Jury panel as to assault in the second degree, assault in the third degree, and reckless endangerment in the second degree. The Grand Jury was instructed that they could return a count of reckless endangerment in the second degree, if they found that there was legally sufficient evidence that defendants, acting in concert, "recklessly engaged in conduct which created a substantial risk of serious physical injury to another person, in that they left an injured person, James Kasemersky, on a trafficked roadway.” The Grand Jury returned "No True Bill” on the assault counts, but indicted defendants for reckless endangerment in the second degree. Supreme Court granted defendants’ motion to dismiss the indictment. Emphasizing the Grand Jury’s refusal to indict on the assault counts, Supreme Court concluded that the People’s evidence was not legally sufficient to support the charge of reckless endangerment. Supreme Court also determined that defendants’ conduct in leaving the complainant in a heavily trafficked roadway did not create a substantial risk of serious physical injury to the complainant where persons who witnessed the incident approached complainant and rendered assistance.
The Appellate Division reversed, stating that the prima facie proof satisfied the statutory definition of recklessness, and it did not matter that bystanders quickly rendered the assistance the defendants had failed to provide, since "[t]he statutory risk was present the moment the victim lay unconscious on the pavement as a result of the defendants’ actions” (194 AD2d 552, 554). The Appellate Division also disagreed with Supreme Court concerning the significance of the Grand Jury’s failure to indict on the assault counts, concluding that "any inconsistency may be harmonized on the basis of the charge to the jury” (id,., at 554).
II
In the context of a motion to dismiss an indictment, the sufficiency of the People’s presentation "is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury” (People v Jennings, 69 NY2d 103, 114; see, People v Mikuszewski, 73 *164 NY2d 407, 411). The People are required to make out a prima facie case that the accused committed the crime charged by presenting legally sufficient evidence establishing all of the elements of the crime (Jennings, 69 NY2d, at 115, supra). On a motion to dismiss, the reviewing court’s inquiry is confined to the legal sufficiency of the evidence and the court is not to weigh the proof or examine its adequacy. Indeed, "all questions as to the quality or weight of the proof should be deferred” (id., at 115).
Penal Law § 120.20 provides that a person is guilty of reckless endangerment in the second degree where he or she "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.” A person acts recklessly with respect to a result or circumstance when he or she is aware of and consciously disregards a substantial and unjustifiable risk that the particular result will occur or that the circumstance exists (see, Penal Law § 15.05 [3]). As we stated in People v Davis (72 NY2d 32, 36), the reckless endangerment statutes "seek to prevent the risk created by the actor’s conduct, not a particular outcome”, and the risk of injury alone will sustain prosecution.
In this case, the People’s evidence established that defendants struck and rendered the complainant unconscious and then simply left him lying in the middle of a heavily trafficked thoroughfare. Viewed in the light most favorable to the People, the evidence adduced before the Grand Jury established a prima facie case that defendants acted recklessly in disregarding the substantial risk that the complainant would be struck and further injured by a vehicle travelling on Flatbush Avenue. As the Appellate Division recognized, the substantial risk of injury contemplated by the statute was present here the moment complainant was caused to lie helpless in the middle of the street.
In People v Roth (80 NY2d 239), the evidence before the Grand Jury established that the defendants allowed a petroleum tank to be cleaned without adequate ventilation and in the presence of numerous sources of ignition. We held that this evidence was sufficient to support the charge of reckless endangerment in the second degree and we reinstated that count of the indictment, stating that it was enough that defendants were aware of and consciously disregarded a substantial and unjustifiable risk involving serious physical injury to another person (id., at 245).
*165 We thus conclude that the People’s evidence is legally sufficient to sustain an indictment for reckless endangerment in the second degree (see, Roth, 80 NY2d, at 245, supra; People v Kibbe, 35 NY2d 407, 413).
Factual impossibility is a defense to reckless endangerment inasmuch as that crime is defined in terms of the risk produced by the defendant’s conduct rather than by intent (Davis, 72 NY2d, at 37). The evidence before the Grand Jury was not conclusive on the question of factual impossibility. Although, as Supreme Court noted, it is undisputed that several persons assisted the complainant and that a crowd gathered around him, it is unclear how quickly such assistance was rendered, a question relevant to whether defendants acted recklessly. More importantly, however, a determination whether it was factually impossible for complainant to have been struck by a vehicle requires assessment and examination of the proof, an endeavor that should not take place at the Grand Jury stage of the proceedings (see, Jennings, 69 NY2d, at 115, supra).
Finally, given the charge to the Grand Jury — that defendants’ conduct in leaving an injured person on a trafficked roadway was reckless, the indictment for reckless endangerment was not inherently inconsistent with the failure to indict on the assault counts (see, People v Tucker, 55 NY2d 1, 6-8).
Accordingly, the order of the Appellate Division should be affirmed.