Titone, J.
(dissenting). Contrary to the majority, I conclude that no view of the evidence before the Grand Jury supported an indictment against these defendants for second degree reckless endangerment under Penal Law § 120.20. Accordingly, I dissent.
The crime of second degree reckless endangerment is committed when a person “recklessly engages in conduct which creates a substantial risk of serious physical injury to another person” (Penal Law § 120.20). In People v Davis (72 NY2d 32, 36, quoting People v Register, 60 NY2d 270, 277, cert denied 466 US 953), we held that the risk-creation element of the crime is an objective one that depends not on the actor’s state of mind but rather on " 'an objective assessment of the degree of risk presented by [the] defendant’s reckless conduct.’ ” It follows that, regardless of how heinous the defendant’s conduct may have been, the crime of second degree reckless endangerment is not committed unless there existed an actual *166 and substantial risk of "serious physical injury” (see, People v Davis, supra).
The majority acknowledges these principles but concludes that such a risk existed here because defendants left a helpless, unconscious man in the middle of Flatbush Avenue, an admittedly heavily trafficked roadway. The "substantial risk of serious physical injury” that the majority evidently contemplates is the risk that the injured man would be struck by a passing car.
The majority’s conclusion is flawed because it rests on an analysis of only a selected portion of the facts that were before the Grand Jury. Contrary to the majority’s suggestion, consideration of all of the surrounding circumstances is required because an assessment of whether the identified risk was truly a "substantial” one cannot be made in a vacuum. In People v Kibbe (35 NY2d 407, 413), for example, there existed an objective "grave risk of death” not because the injured victim had been left on the roadside, but rather because of the surrounding conditions, namely that the road was deserted and there was a snowstorm producing low visibility. These conditions combined to create a risk that the helpless victim would either "fr[eeze] to death” or be hit by a vehicle (id., at 413).
Here, in contrast, there were no visibility problems and the street in question was far from deserted. In fact, according to the evidence before the Grand Jury, one of defendants’ companions immediately approached the unconscious victim, another individual stood so as to block an advancing car and the other cars in the area were "going around” the victim. At that point, a crowd of 20 to 30 people had gathered and one or more individuals ran to get help. Under these particularized circumstances, there was no objective risk at all, much less a "substantial” risk that the victim would be injured by moving traffic. Thus, the People did not, and could not, adduce a prima facie case establishing all of the elements of the crime, and the trial court’s dismissal of the indictment was proper.
I would note that People v Roth (80 NY2d 239), on which the majority relies, is not relevant to the problem presented here because the risk created in that case by the method used to clean an unventilated petroleum tank was clear and unmitigated by any other surrounding circumstances. Similarly, the majority’s reference to the "factual impossibility” defense discussed in People v Davis (supra, at 37) is not pertinent. In *167 Davis, the defendant’s pulling the trigger of the gun he was pointing at police officers plainly would have created a risk of death but for the fact that the gun’s chamber was apparently jammed due to an unejected spent shell. Under those circumstances, invocation of the defense of "factual impossibility” was appropriate to rebut the otherwise valid inference that a real risk existed. Here, in contrast, there was never any risk at all, since the act of leaving an unconscious individual in the middle of a road where others are crowding around and directing traffic to flow around him simply does not give rise to the possibility of injury. Thus, the question of "factual impossibility” does not enter into the analysis at all, and it is irrelevant whether the defense was "conclusively” established.
In sum, I would hold that, as a matter of law, the evidence before the Grand Jury did not demonstrate the "substantial risk of serious physical injury” that Penal Law § 120.20 requires. As noted in Davis (supra, at 37, n), "[t]he crime must be judged by the risk created at the time of the incident” and not by some theoretical possibility that a risk might have arisen under other conditions. In this case, there was never a substantial risk that the unconscious victim would be hit by a passing vehicle because there were individuals at the immediate scene who could — and did — direct traffic around him and a crowd promptly formed, making the unhindered passage of traffic unthinkable. Accordingly, I vote to reverse the order of the Appellate Division and reinstate the order of the trial court, which dismissed the indictment.
Chief Judge Kaye and Judges Simons, Bellaoosa, Smith and Levine concur with Judge Ciparick; Judge Titone dissents and votes to reverse in a separate opinion.
Order affirmed.