OPINION OF THE COURT
Ira R. Globerman, J.
Franky Vushaj, a 13-year-old boy, is alleged to have seriously injured his hand as he set off a firecracker sold to him by the defendant. In consequence, the defendant stands indicted and charged with recklessly assaulting the boy, endangering the boy’s welfare and related crimes. The indictment also charges crimes arising from the execution of a search warrant at the alleged location of the sale. The defendant moves by omnibus motion for inspection of the Grand Jury minutes and other relief.
I
Evidence before the Grand Jury established that on July 2, 1995, the defendant sold fireworks, two "M-80” firecrackers and eight "nitrobombs”, to a 13-year-old boy, one Franky Vushaj, who then took the fireworks to Pelham Parkway in order to ignite them. As the boy lit one of the M-80s, it prematurely blew up in his hand causing severe injury. Thereafter, another purchase of fireworks from the defendant was made by an undercover officer on July 3, 1995. A search warrant was then issued for the premises in which the sales were said to have occurred and, upon execution of the warrant, a defaced rifle, narcotics and drug paraphernalia were found in the store.
With respect to the fireworks allegedly sold to Franky Vushaj and the police officer, the Grand Jury returned an indictment charging the defendant with assault in the second degree, endangering the welfare of a child and unlawfully dealing in fireworks. With respect to the items recovered pursuant to the warrant, the indictment charges the defendant with criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the third and fourth degrees and criminally using drug paraphernalia in the second degree.
II
Turning first to the count charging the defendant with assault in the second degree, it is apparently the People’s theory that the defendant’s sale of fireworks to a minor constituted *111 the reckless conduct that caused the complainant’s injury. Penal Law § 120.05 (4) states that a person is guilty of assault in the second degree when he recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. The Penal Law goes on to state that: "A person acts recklessly with respect to a result or to a circumstance * * * when he [or she] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.” (Penal Law § 15.05 [3].)
Thus, whether the defendant’s conduct constituted the crime charged initially involves " 'an objective assessment of the degree of risk presented by defendant’s reckless conduct’ ”. (People v Davis, 72 NY2d 32, 36 [1988], quoting People v Register, 60 NY2d 270, 277 [1983].) If it is shown that the defendant’s conduct demonstrated an awareness and disregarding of the requisite degree of risk, it must then be established that the defendant’s reckless conduct was the "sufficiently direct cause” of the harm which followed it. (People v Kibbe, 35 NY2d 407, 412 [1974].) So in the instant case, assuming, arguendo, that the sale of fireworks, potentially dangerous instrumentalities, to a minor constituted reckless conduct, it remains to be determined whether that conduct was a "sufficiently direct cause” of the injuries sustained by Franky Vushaj so as to subject the defendant to criminal liability.
A defendant’s conduct is a "sufficiently direct cause” of injury or death when the "ultimate harm is something which should have been foreseen as being reasonably related to the acts of the accused”. (People v Kibbe, supra, at 412.) To establish a sufficiently direct link between the risk that should reasonably have been perceived and the injury subsequently sustained, more than mere cause and effect must be demonstrated. Because the standard for criminal liability is higher than that required for civil liability, it is not enough to show that as a result of a variety of dangerous conditions, injury was foreseeable. Rather, before an injury may be said to have been "directly caused” by reckless conduct preceding it, the People must prove it was foreseeable that the injury would oc *112 cur in the particular manner that it did.[1] (People v Roth, 80 NY2d 239, 243-244 [1992].) In other words, in order to sustain a charge involving reckless conduct that results in injury or death, the People are required to submit proof from which the Grand Jury could conclude that the actual, specific cause of injury was a reasonably foreseeable result of the defendant’s conduct. (People v Roth, supra, [in prosecution for reckless manslaughter and criminally negligent homicide, evidence before Grand Jury insufficient to support conclusion that the defendants should have foreseen that their employee would place unprotected trouble light in path of high pressure washer during cleaning of petroleum tank trailer and that explosion causing spark would result from this combination]; People v Kibbe, supra; see also, People v Stewart, 40 NY2d 692 [1976] [death of victim not foreseeable since death occurred after surgeon closed stomach wound inflicted by defendant and operated on an unrelated hernia]; People v Lowe, 214 AD2d 1 [1st Dept 1995] [making weapon accessible to intoxicated person does not support conviction for criminally negligent homicide]; People v Brown, 193 AD2d 496 [1st Dept 1993] [police officers’ collision with an ambulance while responding to a report that a police car had been stolen could not be reasonably foreseen as being related to the acts of the defendant].)[2]
In the instant case, the evidence before the Grand Jury does not support a finding that the defendant’s sale of the fireworks was a sufficiently direct cause of the complainant’s injury. Given the increased foreseeability required for criminal liability, the defendant cannot reasonably have been expected to foresee that the firework he sold, seemingly of defective manufacture, would explode prematurely in a manner that would cause injury to Franky Vusháj’s hand.
*113 However, with respect to the related charge of endangering the welfare of a child, I find the evidence that the defendant sold hazardous contraband to an unsupervised 13 year old is sufficient to support this count. The furnishing of any contraband to a child is a corrupting and endangering act. (See, e.g., People v Keller, 204 AD2d 767 [3d Dept 1994] [defendant’s providing minor with cigarettes and alcoholic beverages supports conviction of endangering welfare of a child]; People v Garbarino, 152 AD2d 254 [3d Dept 1989] [there was sufficient evidence to support count of endangering welfare of a child where defendants provided and encouraged the consumption of alcohol by the child victim, resulting in his death].) Moreover, it is not a stretch of the imagination to foresee that even properly manufactured fireworks present to the immature the danger of misuse.
As to the remaining counts of the indictment, I find that the evidence adduced before the Grand Jury was legally sufficient and proceedings were not defective within the meaning of CPL 210.35 (5).
III
The defendant has not alleged any basis to contradict the People’s assertion that a valid search warrant existed. Consequently, the defendant’s motion to suppress physical evidence is granted only to the extent of ordering a pretrial Mapp hearing with respect to any evidence the People intend to introduce at trial which was recovered from the defendant’s person.
Finally, with respect to defendant’s motion to suppress statements, on consent of the People, a Huntley hearing is ordered.

. This is in contrast to the crimes of reckless endangerment (Penal Law §§ 120.20, 120.25), for example, which do not require that a defendant’s conduct bring about injury or death. For those crimes, the fact that a defendant could not have foreseen the manner in which an injury occurred would not negate liability since the occurrence of an injury is immaterial.

. Cf., People v Matos, 83 NY2d 509 (1994) (defendant’s felony murder conviction was upheld since it was foreseeable that when defendant tried to flee the scene of a late night attempted robbery by way of a roof, someone might fall and be injured in pursuit of him); People v Hernandez, 82 NY2d 309 (1993) (felony murder conviction upheld since it was foreseeable that when defendant moved toward officer with gun drawn that shots would be fired and someone might get hit); People v Duffy, 79 NY2d 611 (1992) (defendant’s conviction for reckless manslaughter upheld since risk of suicide victim’s act of loading rifle and using it to shoot himself should have been foreseen by defendant since he knew that the victim had been drinking heavily and was in a depressed and suicidal state).