■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONGREGATIONAL KHAL CHAISIDEI SKWERE, INC., Appellant. [649 NYS2d 499] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered March 10, 1995, convicting defendant following a nonjury trial of the crimes of criminally negligent homicide (two counts) and reckless endangerment in the second degree (seven counts) and the violations of unsafe tires and invalid inspection.

On August 6, 1990, Chaim Kolodny, working as a driver for defendant, a corporation which owns and operates a children's summer camp, drove approximately 18 other employees of defendant to another camp for a basketball game. En route, the 15-person van being utilized broke down and most of the passengers reached their destination by other means. In the early

morning hours of August 7, 1990, Kolodny, using defendant's recently acquired 1983 Chevrolet Suburban, drove to the other camp to retrieve the employees. The Suburban contained a front and back seat as well as a cargo area and was suited for six passengers. Kolodny and 16 others occupied the vehicle when they set off, in the rain, for their own campground. On the way, the Suburban hydroplaned, left the road and ultimately struck a tree; two of the passengers died and seven others were injured.

In September 1990, defendant was indicted on two counts of criminally negligent homicide, seven counts of reckless endangerment in the second degree, one count of unsafe tires and one count of invalid inspection. Following a nonjury trial, which commenced in February 1995, defendant was found guilty on all charges. On each of the counts of criminally negligent homicide, defendant was sentenced to pay a $10,000 fine, and for each of the counts of reckless endangerment, a fine of $5,000 was imposed. Pursuant to Penal Law § 80.15, the fines merged into a maximum fine of $10,000. Defendant was also sentenced to an unconditional discharge with respect to its convictions for unsafe tires and invalid inspection. On this appeal, defendant challenges the sufficiency of the evidence underlying the convictions for criminally negligent homicide and reckless endangerment in the second degree and maintains that its constitutional right to a speedy trial was violated.

The evidence, viewed most favorably to the People, is legally sufficient to sustain the convictions (*see, People v Thompson*, 72 NY2d 410, 413). Specifically, the trial testimony revealed that Philip Gross, defendant's executive director, purchased the Suburban on behalf of the corporation in late July 1990, shortly before its State inspection certificate was to expire, placed it in operation with a temporary certificate and failed to have it inspected within the 10 days allowed for that purpose. As a consequence, on the date of the accident the vehicle was being operated without a valid State inspection sticker, conduct that is proscribed both by the Vehicle and Traffic Law (*see*, Vehicle and Traffic Law § 306 [b]) and by the State Sanitary Code governing children's camps (*see*, 10 NYCRR 7-2.10 [c]). More importantly, the evidence credited by County Court at trial demonstrated that Gross had not taken any steps to evaluate the vehicle's safety before turning the keys over to Kolodny, but had, at most, delegated that task to the youthful driver without making any effort to ascertain the latter's ability to

carry it out.* In addition, Kolodny had not been furnished the required safety training (see, 10 NYCRR 7-2.5 [k]).

Even without taking into consideration the fact that defendant was also in violation of its own rules as to transportation operators, Gross' conduct in allowing Kolodny to operate this lately purchased, uninspected, used vehicle to transport staffers and, on occasion, campers created a substantial and unjustifiable risk of injury or death. Gross' disregard of that risk was a "gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]; see, Penal Law § 15.05 [4]), sufficient to justify findings of criminally negligent homicide and reckless endangerment in the second degree (see, Penal Law §§ 120.20, 125.10; *People v Boutin*, 75 NY2d 692, 695-696; see also, *People v Galatro*, 84 NY2d 160, 164). As Gross was undeniably a high managerial agent of defendant, his wrongdoing in this respect may form the basis for a finding of criminal liability on the part of the corporation (see, Penal Law § 20.20 [2] [b]).

Moreover, there is no question that defendant's failure to remedy the unsafe conditions that would have been uncovered by a timely inspection, prior to placing the vehicle in service, was a direct cause of the accident (see, *People v Stewart*, 40 NY2d 692, 697). The uncontroverted testimony of the People's expert established that the vehicle, which was traveling at a speed in excess of 60 miles per hour, hydroplaned as a result of the inadequacy of the tread depth of the two front tires, and that at least one of those tires would not have passed inspection. That an accident might occur in this fashion, as a result of Gross' dereliction, was foreseeable under the circumstances (see, *People v Roth*, 80 NY2d 239, 243-244).

The paradigm for deciding whether defendant's claim that its constitutional right to a speedy trial was violated is *People v Taranovich* (37 NY2d 442). It instructs that consideration is to be given to the extent of, and the reason for, the delay; the nature of the charge against defendant; whether defendant has been subjected to an extended period of pretrial incarceration; and whether the defense has been impaired by reason of the delay (see, *supra*, at 445).

There can be no doubt that the delay in this case—over 52

---

* Unfortunately, Kolodny—who was 19 years old at the time—possessed very little automotive knowledge. He did not know the meaning of the term "tread" nor what a "bald tire" was; it is apparent that he did not comprehend the danger posed thereby. Indeed, when asked to "check out" the vehicle, he had reported only that one window was broken and that it did not have a radio.

months—was extensive. Much of it, however, was occasioned by defendant's pretrial motions, including motions to dismiss the indictment for legally insufficient evidence, reargument of the denial of that motion, and two motions to dismiss the indictment on speedy trial grounds, and by Kolodny's motion for the appointment of a special prosecutor. In addition, defendant's prior counsel moved to be relieved. While the protracted delays in resolving some of these motions are not to be condoned, insofar as they are attributable to the fact that for a prolonged period Sullivan County did not have a full-time County Judge, and to court congestion in general, they do not weigh as heavily against the State as does prosecutorial inaction (see, People v Johnson, 38 NY2d 271, 279; People v Mobley, 206 AD2d 681, 682, lv denied 84 NY2d 870). And, though the charges are serious, this is of little significance, for the fact that the People filed a notice of readiness early on confirms that preparation of the case was not unduly complex, and hence did not contribute substantially to the delay (see, People v Johnson, supra, at 277).

Most important, here, are the last two factors. Defendant was not incarcerated (nor could it be) during this lengthy period of pretrial delay and, therefore, was not disadvantaged in preparing its case (see, People v Taranovich, supra, at 446; compare, People v Santiago, 209 AD2d 885). Nor do we find any record support for defendant's contention that its operations and finances were disrupted as a result of the pending charges; in any event, the attempt to liken this corporate defendant's pretrial circumstances to those of an imprisoned individual is untenable. Lastly, although defendant now argues that faded memories harmed its case, a review of the trial testimony belies this assertion. In sum, after considering all of the relevant circumstances, we are of the view that County Court did not err in concluding that defendant was not denied its constitutional right to a speedy trial (see generally, People v Wilson, 199 AD2d 631).

We have reviewed defendant's other arguments and find them to be meritless.

Crew III, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.