SUMMARY ORDER
We hereby WITHDRAW and VACATE our previous opinion in this case and issue this summary order in its place.
Petitioner appeals the BIA’s denial of cancellation of removal and finding of re-movability. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
When the Government appealed the IJ’s cancellation of removal to the BIA, Petitioner argued to the BIA that he was not removable at all. The BIA never addressed this argument. On appeal to us, Petitioner raises the argument again. Petitioner was found removable, pursuant to INA § 237(a)(2)(E)®, 8 U.S.C. § 1227(a)(2)(E)®, for having been convicted of a “crime of child abuse.” The basis for that finding was Petitioner’s New York state conviction for endangering the welfare of a minor in violation of New York Penal Law § 260.10.
I. Legal Standard
In deciding whether one was “convicted” of a crime listed in the INA, we have followed the Supreme Court in adopting a “categorical approach.” See, e.g., Martinez v. Mukasey, 551 F.3d 113 (2d Cir.2008). Under this approach, “the singular circumstances of an individual petitioner’s crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant,” Id. at 118.
II. Discussion
N.Y. Penal Law § 260.10 states, in pertinent part, that “[a] person is guilty of *681 endangering the welfare of a child when ... [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health.” As New York’s highest court has interpreted it, the statute is broad in three different ways. First, N.Y. Penal Law § 260.10 covers conduct that did not itself harm a child but merely created a “likelihood” of harm. People v. Johnson, 95 N.Y.2d 368, 718 N.Y.S.2d 1, 740 N.E.2d 1075, 1076 (2000). Second, the prohibited conduct does not have to be directed at a child but may merely be undertaken with an awareness that “the conduct may likely result in harm to a child, whether directed at the child or not.” Id. Third, “a defendant may be guilty of this crime by virtue of a series of acts, none of which may be enough by itself to constitute the offense, but each of which when combined make out the crime.” People v. Keindl, 68 N.Y.2d 410, 509 N.Y.S.2d 790, 502 N.E.2d 577, 582 (1986).
A wide variety of conduct violates N.Y. Penal Law § 260.10. New York’s highest court has held, for example, that the provision applies to the assault of a mother in front of her children, Johnson, 95 N.Y.2d 368, 718 N.Y.S.2d 1, 740 N.E.2d 1075; and also to the possession of a large number of firearms and ammunition in easy reach of a child known to have played with the guns, People v. Hitchcock, 98 N.Y.2d 586, 750 N.Y.S.2d 580, 780 N.E.2d 181 (2002). Lower courts in New York have found actual or attempted violations of § 260.10 where a defendant smoked marijuana in his home in the presence of children, People v. Alvarez, 20 Misc.3d 606, 860 N.Y.S.2d 745 (N.Y.Crim.Ct.2008); where a defendant sold fireworks to a child, People v. Suquisupa, 167 Misc.2d 109, 637 N.Y.S.2d 302 (N.Y.Sup.Ct.1996); where a defendant left a seven-year-old alone in a locked apartment for two-and-one-half hours, People v. Watson, 182 Misc.2d 644, 700 N.Y.S.2d 651 (N.Y.Crim.Ct.1999); where a school bus attendant failed to awaken a child who had fallen asleep and remove him from the bus when it reached the school, People v. Afia, 17 Misc.3d 734, 843 N.Y.S.2d 906 (N.Y.Crim.Ct.2007); where a father drove drunk with his son in the vehicle, People v. D'Ambrosia, 192 Misc.2d 560, 746 N.Y.S.2d 556 (N.Y.Just.Ct.2002); where defendants lived with their children in filthy, garbage-filled households, People v. Manon, 226 A.D.2d 774, 640 N.Y.S.2d 318 (N.Y.App.Div.1996); People v. Ambers, 17 Misc.3d 278, 840 N.Y.S.2d 533 (N.Y.Crim.Ct.2007); and where a mother left her two young children unsupervised in an automobile for over two hours, People v. Cenat, 176 Misc.2d 39, 671 N.Y.S.2d 578 (N.Y.Crim.Ct.1997).
The question under the categorical approach is whether the minimal conduct encompassed by a conviction under N.Y. Penal Law § 260.10 constitutes a “crime of child abuse,” under the INA. That term, listed in INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), is entirely a creature of the INA, and we therefore give the BIA’s interpretation of “crime of child abuse” Chevron deference. See INS v. Aguirre-Aguirre, 526 U.S. 415, 424-33, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999); Chevron U.S.A. Inc. v. Natural Res. Def Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); Abimbola v. Ashcroft, 378 F.3d 173, 176 (2d Cir.2004) (employing Chevron deference to the BIA’s interpretation of the term “theft offense” where the term “is not cross-referenced to any other federal criminal statute”).
In In re Velazquez-Herrera, 24 I. & N. Dec. 503 (BIA 2008), a recent precedential *682 opinion, the BIA interpreted the term “crime of child abuse.” The BIA there suggested that child abuse “encompassed the physical and mental injury, sexual abuse or exploitation, maltreatment, and negligent or neglectful treatment of a child” and “included not just the intentional infliction of physical injury, but also acts of sexual abuse or exploitation, criminally negligent acts, or acts causing mental or emotional harm.” Id. at 511 (footnotes omitted). It reasoned that the term “crime of child abuse” should be interpreted “broadly to mean any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child’s physical or mental well-being, including sexual abuse or exploitation.” Id. at 512. “At a minimum, this definition encompasses convictions for offenses involving the infliction on a child of physical harm, even if slight; mental or emotional harm, including acts injurious to morals; sexual abuse, including direct acts of sexual contact, but also including acts that induce (or omissions that permit) a child to engage in prostitution, pornography, or other sexually explicit conduct; as well as any act that involves the use or exploitation of a child as an object of sexual gratification or as a tool in the commission of serious crimes, such as drug trafficking.” Id.
Thus, the BIA has defined “crime[s] of child abuse” broadly, and the breadth that the BIA has attributed to the INA provision suggests that the New York state conviction might suffice. But, the fact that the INA provision is broad does not mean that its breadth is infinite; and as People v. Johnson indicated, the New York provision is extraordinarily broad as well, seemingly going beyond even the BIA’s definition of child abuse. In particular, N.Y. Penal Law § 260.10 covers conduct that was not directed at a child and did not actually harm a child, see People v. Johnson, 718 N.Y.S.2d 1, 740 N.E.2d at 1076; as well as conduct consisting of several acts none of which by itself would have violated § 260.10, see People v. Keindl, 509 N.Y.S.2d 790, 502 N.E.2d at 582. It is unclear from the BIA’s opinion in In re Velazquez-Hemra, 24 I. & N. Dec. 503, whether such conduct constitutes INA “child abuse.”
Although we need not give deference to unreasonable BIA interpretations, and it may not be reasonable to interpret the term “crime of child abuse” as encompassing the minimal conduct covered by N.Y. Penal Law § 260.10, it still remains the province of the BIA to define “crime of child abuse” in the first instance. Because the BIA’s opinions on the matter have not yet elucidated the outer bounds of such a crime, the proper course is to remand this case to the BIA to allow the BIA to clarify the meaning of “crime of child abuse.”
III. Conclusion
We therefore GRANT the petition for review and REMAND the case for further consideration consistent with this order. This panel retains jurisdiction to rule upon the instant petition and decide the issues on appeal following the disposition of the remand. See, e.g., Butt v. Gonzales, 500 F.3d 130, 137 (2d Cir.2007); see also United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994).