■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEE HUGHES, Respondent. [886 NYS2d 749]—

Appeal by the People from so much of an order of the County Court, Nassau County (Ayres, J.), entered August 5, 2008, as, upon reargument, adhered to its original determination in an order entered May 12, 2008, granting those branches of the defendant's application which were to dismiss counts one and two of the indictment upon a finding that those counts were not supported by legally sufficient evidence.

Ordered that the order entered August 5, 2008 is reversed insofar as appealed from, on the law, upon reargument, so much of the order entered May 12, 2008 as granted those branches of the defendant's application which were to dismiss counts one and two of the indictment is vacated, those branches of the application are denied, the counts are reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment.

On October 23, 2007 the defendant was the front-seat passenger of a car that was pulled over for a routine traffic stop. Nassau County Police Officer Michael Palazzo witnessed the defendant pass a "shiny plastic object" to another passenger seated in the back seat. The object was later determined to be 15 bags of crack cocaine.

After conducting an in camera inspection of the grand jury minutes, the County Court, in an order entered May 12, 2008, dismissed count one (criminal sale of a controlled substance in the third degree) and count two (criminal possession of a controlled substance in the third degree) of the indictment on the ground that those counts were not supported by legally sufficient evidence. The People moved for leave to reargue. In an order entered August 5, 2008, the Supreme Court granted the People's motion for leave to reargue, and adhered to its original determination dismissing the first two counts of the indictment on the ground of legally insufficient evidence. Specifically, the court held that the People had not elicited, from the testimony presented to the grand jury, legally sufficient evidence to establish the element of a sale or the intent to sell.

In making a determination as to the legal sufficiency of an indictment, the inquiry is "whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Jennings,* 69 NY2d 103, 114 [1986]; *see People v Jensen,* 86 NY2d 248, 251-252 [1995]; CPL 190.65 [1]; 70.10). "The People are required to make out a prima facie case that the accused committed the crime charged by presenting legally sufficient evidence establishing all of the elements of the crime" (*People v Galatro,* 84 NY2d 160, 164 [1994]; *see People v Jennings,* 69 NY2d at 115).

"By enacting a broad definition of the term 'sell' to embrace the acts of giving or disposing of drugs, the Legislature has evinced a clear intent to 'include any form of transfer of a controlled substance from one person to another' " (*People v Starling,* 85 NY2d 509, 514 [1995], quoting Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 220, at 14).

Under the broad definition of the term "sell" that is contained in Penal Law § 220.00 (1), the evidence adduced by the People that the defendant transferred a "shiny plastic object"—later determined to be 15 bags of crack cocaine—to the passenger seated in the back of the vehicle, was legally sufficient to meet their burden of establishing, prima facia, that a "sale" occurred pursuant to Penal Law § 220.39 (1) and that the defendant pos-

sessed the requisite intent to sell drugs pursuant to Penal Law § 220.16 (1). Dillon, J.P., Eng, Belen and Hall, JJ., concur.