People v Pinnock (2020 NY Slip Op 06884)





People v Pinnock


2020 NY Slip Op 06884


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


596 KA 16-02162

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN E. PINNOCK, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered July 5, 2016. The judgment convicted defendant upon a jury verdict of criminally negligent homicide and assault in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed, and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant was convicted following a jury trial of one count of criminally negligent homicide (Penal Law § 125.10) and two counts of assault in the third degree (§ 120.00 [3]). The incident giving rise to those charges was an accident involving multiple vehicles that occurred on Route 96 in Farmington after the driver's side wheel on the pickup truck defendant was driving came off and rolled into an oncoming lane of traffic. When the wheel came off, defendant, age 50 with no criminal record, was driving slowly on the side of the road with his four-way flashers activated. A delivery truck hit the detached wheel, tipped over and collided with a third vehicle, killing its operator, before colliding with a fourth vehicle and injuring its two occupants. On appeal, defendant challenges the legal sufficiency and weight of the evidence, contending that his operation of the pickup truck in a state of disrepair cannot be a basis of criminal liability.
We agree with defendant that the verdict is against the weight of the evidence. The testimony at trial established that defendant came into possession of the pickup truck several weeks before the accident, but that its last valid inspection was three years before the accident. Although the People established that the pickup truck had a forged inspection sticker, there was no evidence that defendant knew it was forged. Several witnesses testified that, in the three days preceding the accident, the pickup truck was making loud grinding noises and that, either the day before the accident or the day of the accident, defendant asked a person with mechanical experience what that person thought might be the issue. That person opined that the noise was likely being caused by a wheel or the brakes.
An inspection of the driver's side wheel and truck after the accident established some significant problems with the wheel, and witnesses testified that the existence of problems would have been noticeable and would have created issues with steering. The testimony also established, however, that the severity of the problems could not have been known to the operator unless the wheel was removed from the truck.
A review of the weight of the evidence requires us to first determine whether an acquittal would have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]). If we [*2]determine that an acquittal would not have been unreasonable, then we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (id.). We thus " 'serve, in effect, as a second jury' with the power to 'independently assess all of the proof' " (People v Gonzalez, 174 AD3d 1542, 1544 [4th Dept 2019], quoting People v Delamota, 18 NY3d 107, 116-117 [2011]).
Here, inasmuch as an acquittal would not have been unreasonable, we must independently weigh the evidence and determine whether the People proved defendant's guilt beyond a reasonable doubt. Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
The evidence presented at trial failed to establish beyond a reasonable doubt that defendant was criminally negligent in his operation of the truck. Pursuant to Penal Law § 15.05 (4), "[a] person acts with criminal negligence with respect to a result . . . when he [or she] fails to perceive a substantial and unjustifiable risk that such result will occur . . . The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." With respect to the crimes at issue, "[a] person is guilty of criminally negligent homicide when, with criminal negligence, he [or she] causes the death of another person" (§ 125.10) and, as relevant here, a person is guilty of assault in the third degree when "[w]ith criminal negligence, he [or she] causes physical injury to another person by means of . . . a dangerous instrument," i.e., a vehicle (§ 120.00 [3]; see generally People v Cabrera, 10 NY3d 370, 375 [2008]).
It is well settled that " 'the carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence, and that the carelessness must be such that its seriousness would be apparent to anyone who shares the community's general sense of right and wrong. Moreover, criminal negligence requires a defendant to have engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of a proscribed result; nonperception of a risk, even if [the proscribed result occurs], is not enough' " (Cabrera, 10 NY3d at 376, quoting People v Conway, 6 NY3d 869, 872 [2006]; see People v Haney, 30 NY2d 328, 333, 335 [1972]).
Based on the foregoing principles, we conclude that the People failed to prove beyond a reasonable doubt that defendant engaged in some blameworthy conduct that either created or contributed to a substantial and unjustifiable risk (cf. People v Asaro, 21 NY3d 677, 682-685 [2013]; People v Paul V.S., 75 NY2d 944, 944-945 [1990]; People v Ricardo B., 73 NY2d 228, 235-236 [1989]; People v Garner, 144 AD3d 940, 940 [2d Dept 2016], lv denied 29 NY3d 1031 [2017]; People v Olsen, 124 AD3d 1084, 1085-1087 [3d Dept 2015], lv denied 26 NY3d 933 [2015]). At most, the evidence established that defendant failed to perceive a risk, which does establish criminal negligence beyond a reasonable doubt (see e.g. Cabrera, 10 NY3d at 377-378; People v Boutin, 75 NY2d 692, 695-698 [1990]; cf. People v Congregational Khal Chaisidei Skwere, 232 AD2d 919, 920-921 [3d Dept 1996], lv denied 89 NY2d 984 [1997]). Moreover, even if defendant could or should have perceived the risk that a tire on the truck would come off while he was operating the vehicle, the risk that the proscribed result (i.e., the tire coming to rest in the road and then causing a delivery truck to overturn and fall on a car, killing its driver) would occur was not substantial. In sum, this was a tragic and freak accident that does not give rise to criminal liability.
In light of our determination, we do not address defendant's remaining contention.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court