People v Palombi (2022 NY Slip Op 02896)

People v Palombi

2022 NY Slip Op 02896

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

56 KA 19-01816

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN T. PALOMBI, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JUSTIN T. PALOMBI, DEFENDANT-APPELLANT PRO SE. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Christopher S. Ciaccio, A.J.), rendered September 27, 2019. The judgment convicted defendant upon a jury verdict of assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree (Penal Law § 120.00 [3]). The charge arose from an incident where defendant was driving a motor vehicle and a passenger in the vehicle sustained physical injuries allegedly caused by defendant's criminal negligence. While navigating a curve in the road, defendant's vehicle crossed over the double yellow line into the other lane of travel and forced an oncoming motor vehicle to pull over to avoid a collision. Defendant then moved back into the proper lane but lost control of the vehicle, which went off the road and crashed into a mailbox, tree, and a utility pole. At the time of the incident, defendant had a learner's permit, but no driver's license.
On appeal, defendant contends in his main brief that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. We reject defendant's contention with respect to the sufficiency of the evidence. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). A review of the weight of the evidence requires us to first determine whether an acquittal would have been unreasonable (see Danielson, 9 NY3d at 348). If we determine that an acquittal would not have been unreasonable, then we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (id.). We thus " 'serve, in effect, as a second jury' with the power to 'independently assess all of the proof' " (People v Gonzalez, 174 AD3d 1542, 1544 [4th Dept 2019], quoting People v Delamota, 18 NY3d 107, 116-117 [2011]).
As relevant here, a person is guilty of assault in the third degree when "[w]ith criminal negligence, he [or she] causes physical injury to another person by means of . . . a dangerous [*2]instrument," i.e., a vehicle (Penal Law § 120.00 [3]; see generally People v Cabrera, 10 NY3d 370, 375 [2008]). " 'The carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence, and the carelessness must be such that its seriousness would be apparent to anyone who shares the community's general sense of right and wrong. Moreover, criminal negligence requires a defendant to have engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of a proscribed result; nonperception of a risk, even if [the proscribed result occurs], is not enough' " (Cabrera, 10 NY3d at 376, quoting People v Conway, 6 NY3d 869, 872 [2006]; see People v Pinnock, 188 AD3d 1708, 1710 [4th Dept 2020]).
Here, we conclude that acquittal would not have been unreasonable and the jury was not justified in finding beyond a reasonable doubt that defendant was criminally negligent in his operation of the vehicle (see generally People v Derival, 181 AD3d 918, 925 [2d Dept 2020], appeal dismissed 36 NY3d 1107 [2021], reconsideration denied 37 NY3d 1023 [2021]). In cases involving criminal negligence arising out of automobile accidents involving excess rates of speed, such as here, "it takes some additional affirmative act by the defendant to transform 'speeding' into 'dangerous speeding' " (Cabrera, 10 NY3d at 377). With respect to the issue of defendant's rate of speed, the trial testimony from the prosecution's expert witness that defendant was driving at the excessive speed of approximately 92 miles per hour at the time of the incident was speculative (see Derival, 181 AD3d at 927; see generally People v Richardson, 55 AD3d 934, 936 [3d Dept 2008], lv dismissed 11 NY3d 857 [2008]). The expert's calculation of the vehicle's speed was based on the assumption of "100 percent braking," but there was no evidence that defendant braked at all before his vehicle collided with the mailbox, tree and utility pole and came to a stop. Moreover, the People's version of the events, that defendant deliberately attempted to "flatten out the curve" by crossing the double line of the curve, does not rise to the level of moral blameworthiness to constitute criminal negligence (see Cabrera, 10 NY3d at 378).
Additionally, contrary to the People's assertion, the fact that defendant knowingly drove with a passenger in violation of the restrictions placed upon his learner's permit does not establish beyond a reasonable doubt that defendant engaged in some blameworthy conduct that either created or contributed to a substantial and unjustifiable risk (see id. at 379-380; cf. People v Asaro, 21 NY3d 677, 682-685 [2013]; see generally Pinnock, 188 AD3d at 1711).
In light of our determination, we do not address defendant's remaining contention in his main and pro se supplemental brief.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court